**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICHARD ALAN DAVIS                                                                    PLAINTIFF
ADC #89568

V.                                          NO: 5:15CV00105 KGB/PSH

TONDA L. SPENCER *et al*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States

District Judge Kristine G. Baker.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.  By not objecting, you may waive the right to appeal questions of

fact.

### DISPOSITION

### I.  Relevant facts

Plaintiff Richard Alan Davis, an inmate at the Arkansas Department of Correction's (ADC)

East Arkansas Regional Unit, filed a *pro se* complaint on April 6, 2015.  Defendants are Varner

Super Max ("VSM") Sergeant Tonda L. Spencer; VMS Corporals Chamoz Jones, Yulinda F.

Campbell, and Cynthia Rose Reed; VSM Warden Randy Watson; and VSM Classification Officer

Floria Washington.[1] The defendants are sued in their individual capacities only.

According to his complaint, Davis was moved from the general population at the ADC's Varner Unit to VSM on May 15, 2013 pending an investigation. Davis states that on May 29, 2013, the VSM classification committee assigned him to administrative segregation.[2] He claims that prior to April 2014, he filed several formal grievances against Spencer, Jones, Reed, and Campbell in which he alleged major violations of ADC policies. After doing so, Davis claims that these defendants targeted him for retaliation in violation of his 1st Amendment rights. Davis makes the following retaliation claims against these defendants:

(1) On April 23, 2014, Spencer and Jones conspired to file a false disciplinary, and Spencer filed a false disciplinary against Davis, in retaliation for Davis' use of the ADC's grievance process against Spencer and Jones. The disciplinary charges resulted in a finding of not guilty, with the hearing officer finding the charging officer's report was confusing and incomplete. Doc. No. 79-5.

(2) On May 6, 2014, Reed filed a false major disciplinary against Davis in retaliation for Davis' use of the ADC's grievance process. The disciplinary charges resulted in a conviction, loss of commissary, phone, and visitation privileges for 30 days, and a class reduction. Doc. No. 79-8.

(3) On May 28, 2014, Campbell filed a false major disciplinary against Davis in retaliation for Davis' use of the ADC's grievance process. The disciplinary charges resulted in a finding of not

---

[1]Former defendants ADC Disciplinary Hearing Officers Lorie A. Taylor and Terrie L. Banister; ADC Disciplinary Hearing Administrator Raymond Naylor; and ADC Director Wendy Kelley were dismissed on January 4, 2016 (Doc. No. 54).

[2]The defendants claim Davis was placed in administrative segregation on July 10, 2013 after being found guilty of a major disciplinary violation (indecent exposure). Doc. No. 80, page 1; Doc. No. 79-9. He apparently remained in administrative segregation at the time the complaint was filed in April 2015. *Id.*, page 2.

guilty, with the hearing officer finding that Campbell's statement conflicted with the statement of another officer.  Doc. No. 79-7.

(4) On October 22, 2014, Spencer filed a false major disciplinary against Davis in retaliation for Davis' use of the ADC's grievance process.  The disciplinary charges resulted in a conviction, 30 days of punitive isolation, and a class reduction.  Doc. No. 79-6.

In addition to the retaliation claims Davis makes, he also claims his due process rights were violated as follows:

(1) Watson violated Davis' procedural due process rights by not providing him with an annual meeting with a warden after spending one year in administrative segregation.

(2) Between October 30, 2014 and December 10, 2014, Washington confined Davis in punitive isolation past the maximum limit of 30 days without a 48 hour relief period as required by ADC policy.

On June 2, 2016, the defendants filed a motion for summary judgment, a brief in support, and a statement of facts.  Doc. Nos. 79-81.  They assert that Davis' confinement in segregation was not an atypical condition of confinement warranting due process protection; there was some evidence supporting the disciplinary convictions; Davis cannot establish retaliatory motive for the disciplinary charges that resulted in findings of not guilty; the conspiracy claim is not viable; Davis suffered no physical injuries; and, finally, that they are entitled to qualified immunity.  Doc. No. 81, page 2. Defendants also request the dismissal be classified as a strike.  Davis has filed two declarations in opposition, along with a brief in support, and a statement of facts.  Doc. Nos. 84-87.

## II.  Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

This case involves essentially six distinct issues: the allegedly retaliatory disciplinary charges of April 23, 2014 (including an allegation of conspiracy), May 6, 2014, May 28, 2014, and October 22, 2014; the allegation Davis was denied an annual meeting with the warden after he spent a year in administrative segregation, and the lack of a 48 hour relief period following 30 days of punitive isolation. The Court will address them individually.[3]

---

[3]The defendants argue that Davis' retaliatory discipline claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996). They claim that a judgment in favor of Davis would necessarily imply the invalidity of the deprivation of good

**May 6, 2014, disciplinary charge - Reed**

On May 6, 2014, Reed issued Davis a disciplinary charge for failure to keep quarters within regulations and failure to obey orders of staff.  After a hearing, the disciplinary hearing officer found Davis guilty of both charges.  The hearing officer relied on Reed's report, as well as photos and affidavits.  Doc. No. 79-8.  Davis' conviction on the charges precludes a retaliatory disciplinary claim.  The Eighth Circuit has held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).  *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995); *Hartsfield v. Nichols*, 511 F.3d 826, 829-31 (8th Cir. 2008) (defendant may successfully defend retaliatory discipline claim by showing "some evidence" that inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, legally suffices as some evidence upon which to base prison disciplinary violation if violation is found by impartial decision maker).

**October 22, 2014, disciplinary charge - Spencer**

On October 22, 2014, Spencer charged Davis with failure to obey orders of staff, creating unnecessary noise, insolence to a staff member, and using abusive/obscene language.  Davis was

---

time credits.  Doc. No. 81, page 11.  While the defendants state in their brief that Davis' disciplinary proceedings resulted in the loss of good time, they do not cite the to evidence of such a loss, and the Court's review of the disciplinary hearing findings do not reflect a loss of good time credits.  Thus, the Court will address the retaliatory discipline claims on their merits.

found guilty of three of the four charges after an October 29, 2014, hearing.  The hearing officer relied on the staff report, as well as a witness statement, in reaching her conclusion.  As discussed above, Davis' conviction precludes a retaliatory discipline claim with respect to the October 22, 2014, disciplinary charge.

**April 23, 2014, and May 28, 2014 disciplinary charges - Spencer, Jones, Campbell**

**Spencer and Jones:**  Davis was found not guilty of the April 23, 2014 and May 28, 2014 disciplinary charges.  Therefore, Davis' retaliation claims are not precluded by a disciplinary conviction.  However, as set forth below, defendants are still entitled to summary judgment.

Davis asserts Spencer and Jones conspired to file false charges against him on April 23, 2014, and that Spencer filed such charges that date, in retaliation for his use of the grievance procedure.  The disciplinary charges filed against Davis related to Spencer discovering a foul smelling substance under Davis' cell door.  Davis was charged with failure to keep quarters within regulations and failure to obey orders of staff.  Doc. No. 79-5.  The hearing officer found Davis not guilty,  finding the charging officer's report was confusing and incomplete.

According to the complaint, Davis filed two grievances against Spencer before Spencer filed the April 23, 2014 disciplinary charges against Davis.  One was filed on January 10, 2014, and alleged that Spencer allowed an inmate under her supervision to enter a cellblock without staff supervision.  Doc. No. 2, page 23.  This grievance was found to be without merit. The other grievance against Spencer, according to Davis, was filed on March 19, 2014. It alleged that Spencer refused to provide Davis with a copy of the ADC's new grievance policy. *Id.*  This grievance was resolved when defendant Watson provided a copy of the policy to Davis on April 16, 2014. *Id.*, page 24.

Davis claims he filed 2 grievances against Jones before Spencer, conspiring with Jones, filed a false disciplinary against him on April 23, 2014. The first was filed January 3, 2014, and alleged that Jones abandoned her duty station in a cellblock, leaving it unsecured. The second was on January 29, 2014, and alleged that Jones abandoned her post and left a cellblock unsecured. *Id.*, pages 22 and 23. Both grievances were found to be without merit. *Id.*

Davis bears the burden of proving that but for a retaliatory motive, the April 23, 2014 disciplinary charges would not have been written. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged). Temporal proximity is not dispositive. *See Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir. 2006). To avoid summary judgment, Davis must submit "affirmative evidence [of] a retaliatory motive." *See id.*; *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). He must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Davis argues that he has established retaliatory motive because the disciplinary charges dated April 23, 2014 were filed soon after his appeals on the grievances in issue were final, and because he was found not guilty of the disciplinary charges. The Court finds these assertions insufficient to establish retaliatory motive. First, the disciplinary officer found the charges against Davis to be confusing and incomplete. There was not a finding that the charges were false, that Davis did not do what was charged, or that Spencer or Jones had a retaliatory motive. Second, Davis has submitted no findings that his grievances against Spencer and Jones resulted in any action taken

against them by prison officials.  In fact, the opposite is true.  Three of the four grievances were found to be without merit.  The fourth was resolved.  Third, there is no affirmative evidence in the record that Spencer and Jones were so angered or upset with Davis for filing grievances that they manufactured false charges against him.  Davis has identified no actions or statements of Spencer or Jones, or of anyone else, that would suggest there was any retaliatory motive in Spencer's disciplinary charges.  *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory).  Because Davis cannot demonstrate Spencer's disciplinary charges were retaliatory, his conspiracy claim against Spencer and Jones also fails.  *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) (elements of conspiracy claim).

**Campbell:**  On May 28, 2014, Campbell charged Davis with failure to keep quarters within regulations, and failure to obey orders of staff.  Doc. No. 79-7.  Campbell claimed that Davis was pouring a foul smelling liquid on his cell floor.  At a hearing on June 2, 2014, the hearing officer found Davis not guilty, stating that Campbell's statement conflicted with the statement of another officer who was present.  No more details about the hearing are provided.

According to the complaint, Davis lodged a grievance against Campbell on January 3, 2014, four months before Campbell issued the disciplinary charges in issue.  Doc. No. 2, page 26.  Davis states that in the grievance, he complained that Campbell abandoned her duty station, and that the grievance was denied through final appeal.  *Id.,* pages 26, 61.  Davis also states that he filed a formal grievance against Campbell on January 29, 2014, making the same claim - that Campbell had abandoned her duty station.  *Id.*, pages 27, 62.  That grievance was also denied through the appeals process. *Id.*

Davis argues that he has established retaliatory motive because the disciplinary charges filed by Campbell were filed soon after his appeals on the grievances in issue were final, and because he was found not guilty of the disciplinary charges.  The Court disagrees.  First, the fact that Davis lodged two grievances against Campbell before the disciplinary charges were filed is insufficient to maintain a retaliation claim.  Additionally, the hearing officer did not find that the charges were false, that Davis did not do what was charged, or that Campbell had a retaliatory motive.  Next, Davis has submitted no findings that his grievances against Campbell resulted in any action taken against her by prison officials.  One of the grievances was found to be without merit.  The other was resolved with no findings against Campbell.  Finally, there is no affirmative evidence in the record that Campbell was so angered or upset with Davis for filing grievances that she manufactured false charges against him.  Davis has identified no actions or statements of Campbell or anyone else that would suggest there was any retaliatory motive in the filing of disciplinary charges.  *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory).  Because Davis cannot demonstrate Campbell's disciplinary charges were retaliatory, his claim should fail.

## **S**egregation

The ADC's Administrative Segregation Policy provides that an inmate may be placed in administrative segregation "if his/her continued presence in the general population poses a serious threat to life, property, self, staff, or other inmates.  In addition, inmates who threaten the security or orderly running of the institution may be segregated." Doc. No. 79-2, page 1.  The policy further states that "[n]o inmate shall remain in a segregation classification for more than one year unless he has been personally interviewed by the Warden at the end of one year and such action is approved

by him."[4]  *Id.*, page 4.

Davis was placed into administrative segregation on May 29, 2013 according to Davis'

complaint, or on July 10, 2013 according to the defendants.  The parties agree that the Warden's

review did not take place until September 19, 2014, either almost 4 or 2 months late depending on

the date Davis was initially placed in administrative segregation.  Doc. No. 79-3.  Davis waived his

right to appear before the classification committee on September 19, 2014.  *Id.*, page 2.  The

classification committee voted to continue Davis' segregation, and Warden Watson reviewed and

agreed with the decision.  *Id.*, page 1.  Davis asserts his due process rights were violated because he

did not receive a warden's review as required by prison policy until September 19, 2014.

Defendant Watson first claims that violation of the prison's administrative segregation policy

is not a due process violation, and the Court agrees.  Although prison policy may have been violated

by lack of a timely warden's review, violation of a prison policy is not a constitutional violation.

*See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of

prison policy).

Watson further argues that Davis' due process claim, based on not receiving a timely annual

warden meeting at the end of one year in administrative segregation, should fail because he was not

deprived of any constitutionally protected liberty interest.  To establish deprivation of a protected

liberty interest, Davis must identify conditions of confinement that impose an "atypical and

---

[4]The policy also requires a review of the status of inmates assigned to administrative
segregation classification every 7 days for the first 2 months, and every 30 days after to determine
if the reasons for placement continue to exist.  Additionally, inmates assigned to segregation more
than 30 days are reviewed by mental health staff.  If confinement is for an extended period, mental
health is required to evaluate the inmate's status every three months.   An inmate can refuse to
appear before such reviews, and such refusal is to be documented.  Doc. No. 79-2, page 4.

significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S.472, 484 (1995).

In this case, Davis has not described any atypical and significant hardship which would give rise to due process protection.[5] He does not claim or present proof that he would have been released from administrative segregation had he received the warden's review/meeting almost 2 or 4 months earlier.[6] In fact, the evidence suggests that a timely warden's meeting would not have resulted in an outcome different than the one in September 2014. Davis had a 30-day classification committee review on May 28, 2014, one year after he claims to have been placed in administrative segregation. See Doc. No. 79-3, page 11. The committee decided Davis should remain segregated, and Watson reviewed and agreed with the committee's decision. *Id.* Additionally, classification committee reviews after the warden's meeting resulted in the same decision - that Davis should remain in administrative segregation. Doc. Nos. 79-1 and 79-3. The almost 2 or 4 month delay in a warden's meeting did not impose on Davis an atypical, significant hardship in relation to the ordinary incidents of prison life.[7]

**Relief period denial**

Finally, Davis claims his constitutional rights were violated because he did not receive a 48

---

[5]Davis does not allege he was denied reviews during his segregation, and the record indicates he had several. Doc. No. 79-3.

[6]The Court also notes that when Davis did have an opportunity to meet with Watson for the warden's meeting, he declined to attend.

[7]Even if Davis had been released from administrative segregation at the time of the warden's meeting, there would have been no constitutional violation related to his spending almost 4 or 2 additional months with such classification. The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002).

hour relief period after he had spent 30 days in punitive isolation.  According to the complaint, Davis spent approximately 40 days in punitive isolation without a relief period.  Davis was first sentenced to 30 days of punitive isolation on October 29, 2014, after a disciplinary conviction. Davis was sentenced to an additional 10 days of punitive time on November 28, 2014, after another disciplinary conviction.  Doc. No. 79-1, page 1.  As discussed above, disciplinary segregation is not an atypical and significant hardship that itself gives rise to due process protections.  The loss of commissary, visitation, and telephone privileges for 40 days is not actionable.  Finally, the fact that a policy may have been violated by the additional 10 days of punitive isolation without a relief period does not state a claim for a constitutional violation.  *See Gardner v. Howard*, 109 F. 3d at 430.

## Qualified Immunity

The defendants claim they are shielded from liability from Davis' claims in their individual capacities by qualified immunity.  This immunity protects officials acting within the scope of their duties when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts consider two questions in determining if a defendant is entitled to qualified immunity: (1) whether the facts, construed in the light most favorable to the plaintiff, establish the violation of a constitutional right, and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Because Davis has failed to established the violation of a constitutional right as to his claims as set forth above, the defendants are entitled to qualified immunity as a matter of law.

**IV.  Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (Doc. No. 79), be GRANTED, and plaintiff Richard Alan Davis' complaint be DISMISSED.

2.      Davis' complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against defendants Terrie L. Banister, Wendy Kelley, Raymond Naylor, and Lorie A. Taylor; and DISMISSED WITH PREJUDICE in all other respects.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 28th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

13